UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TYLER R. SCOTT,

    Plaintiff,

v.                                      Case No. 5:22-cv-255-MCR-MJF

GULF CORRECTIONAL
INSTITUTION, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on October 27, 2022, by filing a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. At the time, Plaintiff was a prisoner of the Florida Department of Corrections confined at the Okaloosa Correctional Institution. *Id*. at 2.

On January 26, 2023, the undersigned granted Plaintiff leave to proceed *in forma pauperis*. Doc. 13. The order notified Plaintiff that he was required by statute to make partial filing fee payments until the $350.00 filing fee was paid in full. *Id*. at 2-3; *see also* 28 U.S.C. § 1915(b).

Over the course of this litigation, Plaintiff made several partial filing fee payments, totaling $93.00. *See* Docs. 17, 20, 21, 24, 25, 26, 27. Since June 14, 2023, however, Plaintiff has made no additional payment toward his outstanding filing fee balance.

On October 24, 2023, the undersigned ordered Plaintiff to explain why he had not made any additional partial filing fee payments, and to file a printout of transactions in his inmate trust account for the period **June 14, 2023 to October 27, 2023**. Doc. 32. The undersigned set a compliance deadline of November 7, 2023, and warned Plaintiff that failure to comply with the order likely would result in this case being dismissed. *Id*.

To date, Plaintiff has not complied with the order dated October 24, 2023, and has not responded to the 14-day show-cause order entered on December 4, 2023. Doc. 34.[1]

---

[1] The court mailed a copy of the order dated October 24, 2023, to Plaintiff at his prison address (his then address of record). After Plaintiff notified the court of his release from prison and new address, Doc. 33, the court re-mailed a copy of the October 24 order to Plaintiff at his new address. *See* Doc. 33 (Docket Entry). Neither the October 24 order, nor the December 4 show-cause order was returned to the court as undeliverable.

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to comply with court orders.[2]

2. The clerk of court be directed to close this case file.

At Panama City, Florida, this 29th day of December, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's**

---

[2] "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order").

**internal use only and does not control.** **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**